Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Justin M. Gomes (SBN 301793)
jgomes@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

UNICOLORS, INC., a California corporation,

Plaintiff,

v.

ONE STEP UP LTD., a New York Limited Company; CHAPS, INC., individually and d/b/a Rainbow, a New York Corporation; FASHION FLAIR LLC, a Florida Limited Liability Company; BOSCOV'S DEPARTMENT STORE, LLC, a Delaware Limited Liability Company; UNITED FASHIONS OF TEXAS LLC, individually and d/b/a Melrose Family Fashions, a Texas Limited Liability Company; MINNEAPOLIS RAG STOCK COMPANY, individually and d/b/a Ragstock, a Minnesota Corporation; THE TJX COMPANIES, individually and d/b/a TJ Maxx, a

Case No.:

PLAINTIFF'S COMPLAINT FOR:

1. COPYRIGHT INFRINGEMENT;
2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT

<u>Jury Trial Demanded</u>

Delaware Corporation; ROSS STORES, INC., individually and d/b/a DD's Discounts, a Delaware Corporation; BEALL'S, INC., individually and d/b/a Beall's Outlet, a Florida Corporation; ABC CLOTHING, INC., a New York Corporation; and DOES 1 through 10,

Defendants.

Plaintiff UNICOLORS, INC., by and through its undersigned attorneys, hereby prays to this honorable Court for relief as follows:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff is a corporation organized and existing under the laws of the State of California with its principal place of business located in the Los Angeles County.

5. Plaintiff is informed and believes and thereon alleges that Defendant ONE STEP UP LTD. ("ONE STEP") is a limited company organized and existing under the laws of the State of New York with its principal place of business located at 1412 Broadway, Third Floor, New York, New York 10018, and is doing business in and with the State of California.

6. Plaintiff is informed and believes and thereon alleges that Defendant CHAPS, INC., individually and doing business as "RAINBOW" (collectively

"RAINBOW"), is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 1000 Pennsylvania Avenue, Brooklyn, New York 11207, and is doing business in and with the State of California.

7. Plaintiff is informed and believes and thereon alleges that Defendant FASHION FLAIR LLC ("FASHION") is a limited liability company organized and existing under the laws of the State of Florida with its principal place of business located at 8732 Lost Cove Drive, Orlando, Florida 32819, and is doing business in and with the State of California.

8. Plaintiff is informed and believes and thereon alleges that Defendant BOSCOV'S DEPARTMENT STORE, LLC ("BOSCOV'S") is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at 4500 Perkiomen Avenue, Reading, Pennsylvania 19606, and is doing business in and with the State of California.

9. Plaintiff is informed and believes and thereon alleges that Defendant UNITED FASHIONS OF TEXAS, LLC, individually and doing business as "MELROSE FAMILY FASHIONS" (collectively "MELROSE"), is a limited liability company organized and existing under the laws of the State of Texas with its principal place of business located at 4629 Macro, San Antonio, Texas 78218, and is doing business in and with the State of California.

10. Plaintiff is informed and believes and thereon alleges that Defendant MINNEAPOLIS RAG STOCK COMPANY, individually and doing business as "RAGSTOCK" (collectively "RAGSTOCK"), is a company organized and existing under the laws of the State of Minnesota with its principal place of business located at 113 27th Avenue Northeast, Suite I, Minneapolis, Minnesota 55418, and is doing business in and with the State of California.

11. Plaintiff is informed and believes and thereon alleges that Defendant THE

TJX COMPANIES, INC., individually and doing business as "TJ MAXX" (collectively "TJX"), is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 770 Cochituate Road, Framingham Massachusetts 01701, and is doing business in and with the State of California.

12. Plaintiff is informed and believes and thereon alleges that Defendant ROSS STORES, INC., individually and doing business as "DD'S DISCOUNTS" (collectively "ROSS"), is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 5130 Hacienda Drive, Dublin, California 94568, and is doing business in and with the State of California.

13. Plaintiff is informed and believes and thereon alleges that Defendant BEALL'S INC., individually and doing business as "BEALL'S OUTLET" (collectively "BEALL'S"), is a corporation organized and existing under the laws of the State of Florida with its principal place of business located at 700 13th Avenue East, Bradenton, Florida 34208, and is doing business in and with the State of California.

14. Plaintiff is informed and believes and thereon alleges that Defendant ABC CLOTHING, INC. ("ABC") is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 124 West 36th Street, Fifth Floor, New York, New York 10018, and is doing business in and with the State of California.

15. Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff,

which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

16. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

**CLAIM RELATED TO DESIGN GS435**

17. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of textile printing, which is set forth hereinbelow. It allocated this artwork Plaintiff's internal design number GS435 ("Subject Design A"). This artwork was a creation of Plaintiff and/or Plaintiff's design team, and is, and at all relevant times was, owned exclusively by Plaintiff.

18. Plaintiff applied for and received a United States Copyright Registration for Subject Design A.

19. Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing Subject Design A to numerous parties in the fashion and apparel industries. A true and correct image of Subject Design A is presented below:

///

Subject Design A:



20. Plaintiff is informed and believes and thereon alleges that, following this distribution of fabric bearing Subject Design A, FASHION, RAINBOW, and certain DOE Defendants created, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of fabric bearing an unauthorized reproduction of Subject Design A ("Subject Product A"). Such Subject Product A includes but is not limited to RAINBOW garments sold under, inter alia, SKU 0021212055. Such Subject Product A bore the "Mimi" label, and identifying information indicating said garments were manufactured by, caused to be manufactured by, or supplied by FASHION. See below for true and correct images of one such garment with tags:

///






21. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights and/or in blatant disregard for Plaintiff's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.

22. A comparison of Subject Design A and the non-exclusive exemplar of Subject Product A makes apparent that the elements, composition, colors, arrangement, layout, and appearance of the designs are substantially similar.

**CLAIM RELATED TO DESIGN SC929**

23. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of textile printing, which is set forth hereinbelow. It allocated this artwork Plaintiff's internal design number SC929 ("Subject Design B"). This artwork was a creation of Plaintiff and/or Plaintiff's design team, and is, and at all relevant times was, owned exclusively by Plaintiff.

24. Plaintiff applied for and received a United States Copyright Registration for Subject Design B.

25. Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing Subject Design B to numerous parties in the fashion and apparel industries. A true and correct image of Subject Design B is presented below:

Subject Design B:



26. Plaintiff is informed and believes and thereon alleges that, following this distribution of fabric bearing Subject Design B, ONE STEP, RAINBOW, BOSCOV'S, TJX, MELROSE, RAGSTOCK, ROSS, BEALL'S, ABC, and certain DOE Defendants created, sold, manufactured, caused to be manufactured, imported

and/or distributed fabric and/or garments comprised of fabric bearing an unauthorized reproduction of Subject Design B ("Subject Product B"). Such Subject Product B includes but is not limited to:

a. RAINBOW garments sold under, inter alia, SKU 0021037346. Such Subject Product bore the "eye candy" label, and identifying information indicating said garments were manufactured by, caused to be manufactured by, or supplied by ONE STEP. See below for true and correct images of one such garment with tags:






b. BOSCOV'S garments sold under, inter alia, SKU 8598 1005766. Such Subject Product bore the "eye candy" label, and identifying information indicating said garments were manufactured by, caused to be manufactured by, or supplied by ONE STEP. See below for true and correct images of one such garment with tags:

///






c. MELROSE garments sold under, inter alia, SKU 43460347017. Such Subject Product bore the "eye candy" label, and identifying information indicating said garments were manufactured by, caused to be manufactured by, or supplied by ONE STEP. See below for true and correct images of one such garment with tags:





d. TJX garments sold under, inter alia, SKU or Style No. 448243. Such Subject Product bore the “eye candy” label, and identifying information indicating said garments were manufactured by, caused to be manufactured by, or supplied by ONE STEP. See below for true and correct images of one such garment with tags:






e. RAGSTOCK garments sold under, inter alia, SKU or Style No. 1731400. Such Subject Product bore the “eye candy” label, and identifying information indicating said garments were manufactured by, caused to be manufactured by, or supplied by ONE STEP. See below for true and correct images of one such garment with tags:

///






f. ROSS garments sold under, inter alia, SKU 400124422373. Such Subject Product bore the "eye candy" label, and identifying information indicating said garments were manufactured by, caused to be manufactured by, or supplied by ONE STEP. See below for true and correct images of one such garment with tags:





g. BEALL'S garments sold under, inter alia, SKU or Style No. 448243. Such Subject Product bore the "eye candy" label, and identifying information indicating said garments were manufactured by, caused to be manufactured by, or supplied by ONE STEP. See below for true and correct images of one such garment with tags:






h. ABC garments sold under, inter alia, Item No. 1123-MULTI-2X. Such Subject Product bore the "eye candy" label, and identifying information indicating said garments were manufactured by, caused to be manufactured by, or supplied by ONE STEP. See below for true and correct images of one such garment with tags:





27. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights and/or in blatant disregard for Plaintiff's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.

28. A comparison of Subject Design B and the non-exclusive exemplars of Subject Product B makes apparent that the elements, composition, colors, arrangement, layout, and appearance of the designs are substantially similar.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants, and Each)

29. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

30. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to Subject Design A and B (hereinafter the "Subject Designs"), including, without limitation, through (a) access to Plaintiff's showroom

and/or design library; (b) access to illegally distributed copies of the Subject Designs by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) garments manufactured and sold to the public bearing fabric lawfully printed with the Subject Designs by Plaintiff for its customers.

31. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments to said retailer, which garments infringed the Subject Designs in that said garments were composed of fabric which featured unauthorized print design(s) that were identical or substantially similar to the Subject Designs, or were an illegal derivation or modification thereof.

32. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making, and/or developing directly infringing and/or derivative works from the Subject Designs and by producing, distributing and/or selling garments which infringe the Subject Designs through a nationwide network of retail stores, catalogues, and through on-line websites.

33. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

34. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

35. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As

such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Designs in an amount to be established at trial.

36. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

**SECOND CLAIM FOR RELIEF**

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

37. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

38. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring the Subject Designs as alleged herein.

39. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

40. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as

well as additional general and special damages in an amount to be established at trial.

41. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Designs, in an amount to be established at trial.

42. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

### ***Against All Defendants***

43. With Respect to Each Claim for Relief

a. That Defendants, each of them, and their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Designs;

b. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

A TRIAL BY JURY PURSUANT TO FED. R. CIV. P. 38 AND CONSTITUTIONAL AMENDMENT SEVEN IS HEREBY DEMANDED.

Respectfully submitted,

Dated: February 1, 2017 By: */s/ Scott A. Burroughs*

Scott A. Burroughs, Esq.
Trevor W. Barrett, Esq.
Justin M. Gomes, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff
UNICOLORS, INC.